983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas ROCK; Lisa Rock, individually and as parents and
next friends of their minor son, Michael D. Rock,
Plaintiffs-Appellants,
v.
OSTER CORPORATION; Sunbeam Corporation; Oster/Sunbeam
Appliance Company; Sunbeam/Oster Company, Incorporated;
Service Merchandise Company, Incorporated; Allegheny
International, Incoprorated, Defendants-Appellees.
 No. 92-1147.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1992
Decided: January 14, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Thomas Carl Cardaro, KLORES & ASSOCIATES, for Appellants.
 John Alexander Rego, ANDERSON & QUINN, for Appellees.
 Bruce J. Klores, KLORES & ASSOCIATES, for Appellants.
 Francis X. Quinn, James G. Healy, ANDERSON & QUINN, for Appellees.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas and Lisa Rock brought this action to recover damages for personal injuries suffered by Michael D. Rock when a tipped fondue pot spilled searing oil over one-third of his body. The Rocks claim that a design defect rendered the fondue pot unreasonably dangerous, and that this condition was the actual and proximate cause of Michael's injuries. They further contend that the fondue pot's design constituted a breach of certain express and implied warranties provided by Maryland's version of Article 2 of the Uniform Commercial Code. The district court, which had jurisdiction pursuant to 28 U.S.C. § 1332, granted the appellee corporations' motion for summary judgment, holding that the fondue's design was not the cause of the accident. For the reasons set forth in the district court's opinion, we affirm.
 
 
 2
 * On a Sunday afternoon in January 1988, Thomas and Lisa Rock were preparing steak in a fondue pot manufactured and sold at retail by the appellees. The fondue was resting on the surface of an enclosed wet bar, with its seven-foot electrical cord plugged into a ground-level wall socket. Thomas Rock was tending the fondue while watching a football game on television. Without attracting his father's attention, two year-old Michael Rock crawled beneath the bar's louvered doors and became entangled in the electrical cord. Too late Thomas Rock's eyes fell upon his son as the fondue and its contents tumbled onto the boy's head, searing his skin with scalding oil. Michael was rushed to a hospital and surgically treated for burns covering thirty-three percent of his body surface.
 
 
 3
 Thomas and Lisa Rock sought damages from the appellee corporations, both individually and as parents and next friends of Michael. Their strict liability and negligence claims rested on the allegation that the fondue exhibited certain design defects, the absence of which might have prevented Michael's injuries outright or, at least, rendered them less devastating. The complaint also contended that the defective condition of the fondue constituted a breach of the warranties of merchantability and fitness for a particular purpose implied in contracts for the sale of goods by Maryland's version of Article 2 of the Uniform Commercial Code, see Md. Com. Law I Code Ann. §§ 2314, 2-315 (1992), and that certain representations printed in the instruction booklet accompanying the fondue created express warranties similarly breached, see id. § 2-313. On the appellee corporations' motion for summary judgment, the district court concluded that: (1) a fondue pot containing hot oil presents a known and obvious danger; (2) Michael Rock's injuries might have been avoided by the exercise of care in the use of the fondue; and (3) the Rocks' warranty claims rested on mere general commendations of the product and were therefore not actionable.
 
 
 4
 Our review of the record, the district court's opinion, and the arguments of counsel disclose that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Rock v. Oster Corp., No. CA-91-63-JFM (D. Md. Dec. 5, 1991).
 
 AFFIRMED