**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAZEL SACKS, Personal
Representative of the Estate of
George Sacks, Jr.; JUNE SACKS, In
her own right and as Personal
Representative of the Estate of

Leroy Sacks,
<u>Plaintiffs-Appellants,</u>

v.

PHILIP MORRIS, INCORPORATED,
<u>Defendant-Appellee.</u>

No. 96-2562

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-95-1840-WMN)

Submitted: March 3, 1998

Decided: March 23, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark E. Herman, Baltimore, Maryland, for Appellants. Robert C.
Heim, John J. Haggerty, DECHERT, PRICE & RHOADS, Philadel-

phia, Pennsylvania; James K. Archibald, Marina Lolley Dame, VEN-ABLE, BAETJER AND HOWARD, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hazel and June Sacks appeal from the district court's order grant-ing Appellee's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). After granting Appellee's motion to submit the appeal on the briefs, we find no reversible error and affirm.

In June 1992, Leroy F. Sacks and George L. Sacks perished in a fire when a lit cigarette manufactured by Appellee ignited a sofa in the living room of their apartment. Appellants filed this action with the district court alleging that Appellee's failure to manufacture a "fire-safe" cigarette caused the fire that killed Leroy and George Sacks.

In their complaint, Appellants asserted violation of the Maryland Consumer Protection Act, strict liability in tort, negligence, breach of implied warranties, and wrongful death. The district court concluded that Appellants could not establish that cigarettes were "defective and unreasonably" dangerous under Maryland law and therefore could not state a claim upon which relief could be granted. Appellants timely appealed.

Appellants assert that Appellee is strictly liable for the injuries caused by their product because Appellee had the technology to man-ufacture a "fire-safe" cigarette, but failed to produce and market the less dangerous cigarette and intentionally withheld that technology

2

from the general public. In <u>Phipps v. General Motors Corp.</u>, 363 A.2d 955 (Md. 1976), the Maryland Court of Appeals set forth the elements of a strict liability claim: (1) the product was in a defective condition at the time it left possession or control of the seller; (2) it was unreasonably dangerous to the user or consumer; (3) the defect was a cause of the injuries; and (4) the product was expected to and did reach the consumer without substantial change in condition. <u>See</u> 363 A.2d at 958, 963. In a strict liability case, the court focuses on the product rather than the manufacturer. <u>See id.</u> at 958; <u>Simpson v. Standard Container Co.</u>, 527 A.2d 1337, 1339 (Md. App. 1987). Maryland courts often apply the "consumer expectation" test to determine whether a product has a design defect. <u>See, e.g.</u> , <u>Simpson</u>, 527 A.2d at 1340 (citing <u>Kelley v. R.G. Indus.</u>, 497 A.2d 1143 (Md. 1985)). The product must be both in a defective condition and unreasonably dangerous at the time it was sold for a design defect to exist. <u>See Phipps</u>, 363 A.2d at 959. These two factors are measured against the expectations and knowledge of the ultimate consumer. <u>See id.</u> Appellants cannot satisfy the consumer expectation test because the ordinary consumer is aware of the inherent burning characteristics of cigarettes and their ability to ignite fabric. <u>See, e.g.</u> , <u>Greinsbeck v. American Tobacco Co.</u>, 897 F. Supp. 815, 825 (D.N.J. 1995) ("It can hardly be disputed that adults of legal smoking . . . age know that cigarettes must burn in order to be smoked. Nor can an adult claim to be ignorant of the dangers associated with burning items such as cigarettes.").

Appellants assert, however, that their claim does not fail under the "risk utility" test. "Under the `risk utility' test, a product is defective as designed if the risk or danger of the product outweighs the product's utility." <u>Simpson</u>, 527 A.2d at 1340. The factors considered under the risk-utility test are:

> (1) the usefulness and desirability of the product, (2) the availability of other and safer products to meet the same need, (3) the likelihood of injury and its probable seriousness, (4) the obviousness of the danger, (5) common knowledge and normal public expectation of the danger (particularly for established products), (6) the avoidability of injury by care in use of the product (including the effect of instructions or warnings), and (7) the ability to eliminate

3

> danger without seriously impairing the usefulness of the product or making it unduly expensive.

Phipps, 363 A.2d at 959, n.4.* Appellants' claim falls short under the risk-utility test because the danger that a cigarette can start a fire is both obvious and commonly known to the general public. See Griensbeck, 897 F. Supp. at 825 (discussing consumer awareness of fire hazard posed by cigarettes). The obvious nature of the danger and the ability to avoid injury by exercising reasonable care outweigh the other risk-utility factors. See Rock v. Oster Corp., 810 F. Supp. 665, 666-67 (D. Md. 1991) (noting that the danger posed by hot oil in a fondue pot was blatant and that on balance the obviousness of that danger outweighed the other factors), aff'd, No. 92-1147, 1993 WL 5896 (4th Cir. Jan. 14, 1993) (unpublished). Thus, Appellants cannot establish that Appellee's product is unreasonably dangerous in that the product is "`dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'" Phipps, 363 A.2d at 959 (quoting Restatement (Second) of Torts § 402A cmt. i).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*The Appellee asserts that the risk-utility test is solely applicable to products that do not function properly for their intended use and is therefore inapplicable in this action. However, the Maryland Court of Appeals has applied the risk-utility test in a case involving a non-malfunctioning product. See Ziegler v. Kawasaki Heavy Indus. , 539 A.2d 701, 704-06 (Md. App. 1988) (application of risk-utility test in absence of any allegation that the product malfunctioned). Thus, it does not appear that the application of the risk-utility test is limited only to malfunctioning products. See also Klein v. Sears & Roebuck and Co. , 608 A.2d 1276, 1280-81 (Md. App. 1989); Valk Mfg. Co. v. Rangaswamy , 537 A.2d 622, 626-27 (Md. App. 1988).

4